In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00751-CV

____________


JANETH CELIS PINTO, Appellant


v.


TIMOTHY J. BROOKS, Appellee






On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 2001-13935






O P I N I O N

 Janeth Celis Pinto, appellant, appeals a default judgment granting a post-divorce
division of marital property located in Texas. We affirm. 

BACKGROUND


 Pinto and Timothy J. Brooks, appellee, were granted a divorce on June 29, 2000 in
Venezuela. At the time of their divorce, they were residents of Venezuela. Subsequently,
both Pinto and Brooks established residence in Texas. Brooks filed a petition for a post-divorce division of marital property located in Texas. Pinto was served with citation, but did
not file an answer. Brooks moved for a default judgment, and the trial court conducted a
hearing to determine the division of the property. 

 After the hearing, the trial court signed the final default judgment, which divided the
previously undivided community assets and liabilities. Pinto filed a motion for new trial,
which the trial court granted. Upon a motion by Brooks, the trial court set aside its order
granting the motion for new trial, and Pinto filed a notice of appeal. 

DISCUSSION


 In her sole issue on appeal, (1) Pinto challenges the trial court's judgment on the basis
that the Venezuelan divorce decree, a "non-translated Venezuelan Decree of Divorce in
Spanish," is not a final decree. 

 A defendant who does not answer a lawsuit is deemed to have admitted all factual
allegations in the petition except the amount of unliquidated damages. Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). The petition in this case alleges, "On June
29th, in the year 2000, a Final Decree of Divorce was rendered dissolving the marriage of
Petitioner and Respondent." By her failure to file an answer to the petition, Pinto is deemed
to have admitted that the divorce decree is a final decree. Accordingly, we overrule Pinto's
sole issue. 

 We affirm the judgment. 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack. 

Do not publish. Tex. R. App. P. 47.



1. Pinto does not challenge the trial court's order setting aside the order granting a new
trial.